UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:17-cr-00210-TLN |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JAGPAL SINGH, | |
| Defendant. | |

    This matter is before the Court on Defendant Jagpal Singh's ("Defendant") Motion for Immediate Release. (ECF No. 106.) The Government filed an opposition. (ECF No. 108.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

    On March 1, 2019, Defendant pleaded guilty to two counts of a 43-count Indictment. (ECF No. 78.) Count One charged conspiracy to commit bribery, to commit identity fraud, and to commit unauthorized access of a computer in violation of 18 U.S.C. § 371. (ECF No. 1.) Count 17 charged fraud involving identification documents in violation of 18 U.S.C. § 1028(a)(1). (*Id.*) On December 5, 2019, this Court sentenced Defendant to a 39-month term of imprisonment and a 12-month term of supervised release on each count to be served concurrently. (ECF No. 97.) Defendant is currently serving his sentence at FCI Victorville II with a projected release date of November 3, 2022.

On April 7, 2020, Defendant filed the instant motion, in which he requests immediate release from his confinement due to the COVID-19 pandemic.[1]  Defendant argues he is at a greater risk of contracting COVID-19 because he is 62 years old, especially given the conditions of imprisonment.  In opposition, the Government argues Defendant's motion must be denied because Defendant failed to exhaust administrative remedies before filing his motion and Defendant has failed to demonstrate extraordinary and compelling reasons to warrant his release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, there is no evidence Defendant filed a compassionate release request with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).  Further, Defendant did not address his failure to exhaust administrative remedies in his motion nor did he file a reply to the Government's opposition on the issue.  Defendant's failure to meet the threshold exhaustion requirement provides grounds to deny his motion without reaching the merits.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Meron*, No. 2:18-CR-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020) (declining to excuse Defendant's failure to exhaust administrative remedies in denying a COVID-19 compassionate release motion); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (same).

---

[1]   More specifically, Defendant requests to "temporarily serve his federal sentence under house arrest and electronic monitoring," and then "[w]hen the COVID-19 pandemic has ended," Defendant states he "will immediately return to serve the remainder of his sentence in custody." (ECF No. 106 at 6-7.)  Defendant fails to cite to statutory authority in support of his motion.  Absent any reference to statutory authority, the Court construes Defendant's motion as being brought under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

However, Defendant is not entitled to relief even if the Court reaches the merits of his motion. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Notably, Defendant does not argue that he has any medical conditions that render him particularly vulnerable to COVID-19. His only case-specific argument is that he is at a heightened risk because he is over 60 years old. (ECF No. 106 at 3.) Absent any evidence or argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. Moreover, at age 62, Defendant does not satisfy the statute's age-related conditions. It also bears mentioning that as of the date of this order, there are no confirmed cases of COVID-19 at FCI Victorville. Defendant's concerns are understandable but do not raise to the level of "extraordinary and compelling" at this time.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Immediate Release.  (ECF No. 106.)

IT IS SO ORDERED.

DATED:  April 22, 2020

Troy L. Nunley
United States District Judge

4