UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAGPAL SINGH,<br><br>    Defendant. | No. 2:17-cr-00210-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jagpal Singh's ("Defendant") Motion for Compassionate Release. (ECF No. 119.) The Government filed an opposition. (ECF No. 124.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2019, Defendant pleaded guilty to two counts of a 43-count Indictment. (ECF No. 78.) Count One charged conspiracy to commit bribery, to commit identity fraud, and to commit unauthorized access of a computer in violation of 18 U.S.C. § 371. (ECF No. 1.) Count 17 charged fraud involving identification documents in violation of 18 U.S.C. § 1028(a)(1). (*Id.*) On December 5, 2019, the Court sentenced Defendant to a 39-month term of imprisonment to be followed by a 12-month term of supervised release. (ECF No. 97.) Defendant is currently serving his sentence at Big Spring Correctional Institution with a projected release date of December 14, 2022.

Defendant filed a prior motion for compassionate release on April 7, 2020, in which he requests immediate release from his confinement due to the COVID-19 pandemic. (ECF No. 106.) Defendant argued he is at a greater risk of contracting COVID-19 because of his age and the conditions of his confinement. (*Id.*) The Court denied Defendant's motion on April 22, 2020 for two reasons: (1) Defendant failed to exhaust his administrative remedies; and (2) Defendant failed to show extraordinary and compelling reasons for release. (ECF No. 109.)

Defendant, proceeding *pro se*, filed this second motion for compassionate release on March 25, 2021. (ECF No. 119.) Defendant is 63 years old and claims to suffer from various heart and respiratory conditions that make him particularly vulnerable to COVID-19. (*Id.*) The Government filed an opposition (ECF No. 124), and Defendant has not filed a reply.

## II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

2

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on December 22, 2020. (ECF No. 124-1 at 8.) The warden denied Defendant's request on January 14, 2021. (*Id.* at 9.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant claims he "has a long-established history of suffering from various heart and respiratory medical challenges." (ECF No. 119 at 7.) However, Defendant fails to provide any medical records to confirm his claims. For its part, the Government submits Defendant's BOP medical records under seal and correctly points out that neither Defendant's medical records nor the presentence report indicate Defendant suffers from heart conditions, respiratory conditions, or

any other medical conditions that put him at a greater risk for COVID-19 complications. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 10, 2021). As such, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Absent any evidence or argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant has not met his burden to show there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* U.S.S.G. § 1B1.13(2) (requiring a defendant to demonstrate that he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release).

However, the Court does note that Defendant's 39-month sentence is well below the applicable guideline range of 46 to 57 months. Defendant seeks to reduce his well-supported sentence to time served despite having served only approximately 15 months of his sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the §3553(a) factors include the need to provide Defendant with medical care in the most effective manner, it appears Big Spring CI has thus far provided Defendant with adequate medical care.

///

///

///

///

4

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 119.)

IT IS SO ORDERED.

DATED: May 11, 2021

Troy L. Nunley
United States District Judge